IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-04274-GPG

AARON ARANGUREN MONTILLA,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,

Respondent.

---

**ORDER**

---

Before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C § 2241 (D. 1). Petitioner seeks release (*id.*). Based on the allegations in the Petition, Petitioner appears to have been provided a constitutionally deficient bond hearing on August 4, 2026, at which the immigration judge placed the burden of proof on Petitioner rather than the government and at which Petitioner was denied bond (D. 1-2 at 50). The IJ wrote only that Petitioner's bond was "[d]enied, because Respondent failed to demonstrate that they do not present a risk of flight." (*id.*). As this Court thoroughly explained in *Barreno v. Baltasar*, in the context of a bond hearing under 8 U.S.C. § 1226(a), due process requires that the Government bear the burden of proving that a detainee is a flight risk by a preponderance of the evidence and a danger to community by clear and convincing evidence. No. 025-CV-03017-GPG-TPO, 2025 WL 3190936, at *3 (D. Colo. Nov. 14, 2025) (finding that the three *Matthews* factors weighed in favor of placing the burden of proof on the Government in § 1226(a) bond hearings). Petitioner also appears to have been

arrested and placed in ICE custody without a warrant and absent the necessary circumstances for a warrantless arrest (D. 1 at 9–10).

Therefore, to the extent they have not yet done so, Petitioner is directed to (1) serve Respondents with a copy of the Petition and accompanying papers, along with a copy of this Order; and (2) promptly file proof of such service on the docket. Counsel for Respondents shall promptly enter notices of appearance, and, within seven (7) days of service as set out above, Respondents are ORDERED TO SHOW CAUSE as to why the Petition should not be granted. Petitioner shall then have fourteen (14) days in which to file a reply.

It is FURTHER ORDERED that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondents SHALL NOT REMOVE Petitioner from the District of Colorado except pursuant to a final order of removal from the United States. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED September 15, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge